D. Greg Durbin, # 81749
Mandy L. Jeffcoach #232313
**MCCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP**
P.O. Box 28912
5 River Park Place East
Fresno, CA 93720-1501
Telephone: (559) 433-1300
Facsimile: (559) 433-2300

Attorneys for Plaintiff
E & J GALLO WINERY, a California corporation

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
DAVID S. WORTHINGTON, SBN 73233
E-Mail: worthington@lbbslaw.com
ANDREW BENZINGER, SBN 219380
E-Mail: benzinger@lbbslaw.com
MELISSA M. WHITEHEAD, SBN 262123
E-Mail: mwhitehead@lbbslaw.com
2850 Gateway Oaks Drive, Suite 450
Sacramento, California 95833
Telephone: (916) 564-5400
Facsimile: (916) 564-5444

Attorneys for Defendant TOLEDO ENGINEERING CO., INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

E. & J. GALLO WINERY, a California corporation,,

Plaintiff,

v.

TOLEDO ENGINEERING CO., INC., an Ohio corporation, and DOES 1 through XX, inclusive,,

Defendants.

Case No. 1:11-CV-00476-LJO-GSA

(**Removed from Superior Court of California, County of Stanislaus Case No. 662354**)

**STIPULATION FOR PROTECTIVE ORDER; PROTECTIVE ORDER**

ACTION FILED: February 14, 2011
TRIAL DATE: None assigned

(Document 17)

**IT IS THEREFORE STIPULATED AND AGREED** by and between Plaintiff E. & J. Gallo Winery and Defendant Toledo Engineering Co., Inc. through their respective counsel

of record, that:

## I.

## GOOD CAUSE STATEMENT

The allegations in the pleadings in this action contemplate that during the course of litigation, certain proprietary, confidential and trade secret information will need to be disclosed. In connection with the discovery in this action, the **Parties** and certain third-party witnesses may produce documents, electronically stored information and materials that contain such information. Absent a protective order, production of certain documents and information may cause prejudice or harm if made publicly available.

## II.

## PURPOSES AND LIMITATIONS

The purpose of this Stipulated Protective Order is to provide a means for limiting access to, and the use and disclosure of, protected documents and information that are produced in this action. Accordingly, the **Parties** hereto stipulate to and petition the Court to enter the following Stipulated Protective Order (the "Order" or "Stipulated Protective Order"). The **Parties** acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery, and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The **Parties** further acknowledge that any **Party** seeking to seal Documents filed with the Court shall be required to comply with Local Rule 141.

## III.

## DEFINITIONS

A.   Information designated as "**Confidential**" or "**Confidential Information**" or "**Confidential Material,**" shall be fully protected by this Order. All portions of transcripts, depositions, exhibits, or other pleadings or filings in this action which contain or otherwise set forth Documents, information, or other materials, or contents thereof, which have been previously designated as **Confidential,** shall likewise be subject to the terms of this Order.

B. "**Communicate**" (or variants) means to disclose, show, give, list, describe, provide, make available, furnish or allow exposure of information in any fashion to any person, including without limitation any mailing, faxing, hand delivery, photograph, electronic, digital or any other duplication or distribution method;

C. "**Copy**" or "**Copies**" means reproductions made through any process, including but not limited to photocopying or photographic, any form of reproduction, manual recopying, microfilm, dictation, or mechanical, visual, digital or electronic duplication which in any way attempts to produce the substance, form, or content of information;

D. "**Designating Party**" shall mean any **Party** or **Non-Party** who designates any material or information under this Stipulated Protective Order as **Confidential**.

E. "**Document**" or "**Documents**" includes all written, recorded, digital, electronic or graphic material, whether produced or created by a **Party** or another person and whether produced pursuant to formal or informal discovery, pursuant to subpoena, by agreement or otherwise, and includes both those items of a tangible nature and any digital and/or computer files;

F. "**Party**" means any person or entity named in this litigation;

G. "**Party Affiliates**" for purposes of this Stipulated Protective Order means Gallo Glass Company (with respect to Plaintiff E. & J. Gallo Winery), and KTG Systems, Inc., KTG Engineering Ltd., Tecoglas Ltd., and Dreicor, Inc. (with respect to Defendant Toledo Engineering Co., Inc.)

H. "**Person**" means any natural person, or any legal or business entity, profit or nonprofit organizations, or any governmental agency;

I. "**Producing Party**" means the **Party** who produced **Confidential Documents** or Information;

J. "**Conclusion of this litigation**" shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for

extension of time pursuant to applicable law.

K. "**Professional Vendors**" include **Persons** or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

**IV.**

**RESTRICTIONS**

1. During the course of litigation, either **Party** may seek to have discovery material classified as "**confidential.**" **Confidential Material** includes, but is not limited to: (a) a trade secret; (b) sensitive marketing, merchandising, corporate, or financial information; (c) private information regarding the **Parties, Party Affiliates,** or a third party; (d) a personnel record of any third party; or (e) any **Document** subject to a confidentiality agreement. **Confidential Material** may be designated by any **Party** as being subject to the provisions of this Stipulated Protective Order. Any **Party** ("**Designating Party**") may designate as **Confidential** any material if the **Party** in good faith believes that it contains **Confidential** commercial, financial, proprietary, or personal information.

2. **Confidential Documents** and the information contained therein shall be used by the **Parties** and those **Persons** identified in Paragraph 3 (covered **Persons**) only for the purpose of the prosecution or defense of this captioned action, and shall not be **Communicated** in any manner to anyone other than those **Persons** identified in Paragraph 3, without order of the Court after due notice to the **Producing Party.** Each and every **Confidential Document** produced (including **Copies,** excerpts, digests, summaries or indices thereof) by a **Party** shall be clearly marked and identified with one or the other of the following legends in red ink:

*Option One:*

**CONFIDENTIAL**

**THIS DOCUMENT PRODUCED UNDER COURT ORDER FOR USE IN**

***E. & J. GALLO WINERY v. TOLEDO ENGINEERING CO., INC., ET. AL.,***

**UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF CALIFORNIA**

**CASE NO. 1:11-CV-00476-LJO-GSA**

**AND SHALL NOT BE USED FOR ANY OTHER PURPOSE WHATSOEVER.**

*Option Two:*

**CONFIDENTIAL**

**U.S.D.C., E.D. CAL. CASE NO. 1:11-CV-00476-LJO-GSA**

In the event any **Party** creates a computer database, disk, compact disk, drive, digital or other electronic record containing **Confidential Documents** or information, the **Party** creating such an electronic record shall mark the case or envelope containing the material with the language contained in Paragraph 2. **Documents** printed from such electronic media shall be marked the same as **Documents** originally produced on paper.

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the **Designating Party's** right to secure protection under this Order for such material. Upon timely correction of a designation, the **Receiving Party** must take reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

If it comes to a **Designating Party's** attention that information or items that it designated for protection do not qualify for protection, that **Designating Party** must promptly notify all other **Parties** that it is withdrawing the mistaken designation.

    3.    **Confidential Documents** and information shall not be given, shown, made available, discussed or otherwise **Communicated** in any way except to a "**Covered Person,**" defined as follows:

    a.    The Court or Courts in which this litigation is being pursued;

    b.    The **Party** and **Party Affiliates** including their respective officers,

directors and managing employees, and/or a **Person** employed by a corporate **Party** or **Party Affiliate** who is participating in the management of this litigation and the preparation of this case;

c. The attorneys of record for the **Parties** and their associated attorneys, including the employees of any such attorneys to whom it is necessary that the material be shown for purposes of the litigation;

d. Independent consultants, or other independent experts retained by a **Party** or an attorney of record to assist in the preparation of this litigation, and who have signed Exhibit A.

e. Court reporters and their staff, professional jury or trial consultants, mock jurors, mediators, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed Exhibit A.

f. During their depositions, witnesses in the action to whom disclosure is reasonably necessary who are authors or recipients of the document, unless otherwise agreed by the **Party** designating the document as **Confidential** or ordered by the court.

4. Unless otherwise ordered by the court or agreed in writing by the **Producing Party,** a **Party** that seeks to disclose to an Expert who is a competitor of a **Party,** as identified below, any information or item that has been designated "**Confidential**" shall give at least 15 days advance notice in writing to the counsel for the **Producing Party** (1) the full name and address of the Expert; (2) a copy of the Expert's resume; (3) information identifying the Expert's past (within the previous five years) and current employers and consultant relationships; and (4) a signed Copy of Exhibit "A". The **Parties** will exchange by letters no later than October 28, 2011 a list identifying the **Parties'** competitors by industry, and which may, but are not required to, include the names of specific competitors. The **Parties** hereby agree that the supply of this information does not waive the attorney-client and/or attorney work product privilege.

If within the 15 day period the **Producing Party** objects to the use of the competitor, the **Producing Party** shall file a Motion setting forth the good cause as to why the

**Designating Party** should be permitted to use the competitor. No disclosure shall be made until the Court rules upon the motion.

5. No **Confidential Documents** shall be transmitted by email to those **Covered Persons** identified in 3.d and/or in 3.e, but shall only be transmitted in document form, on discs, or by other physical media.

6. Deposition testimony relating to or discussing a **Party's Confidential Information** shall be protected under this Order and the entire transcript including such testimony shall be treated as confidential for a period of 30 days after the court reporter serves **Copies** of the transcript on the **Parties.** Within those 30 days, the proponent of confidential treatment of all or any portion of the deposition shall serve on all counsel of record a designation of confidentiality that identifies by page those pages to be marked with the **Confidential** legend of Paragraph 2. The transcripts of such deposition testimony shall be treated the same under this Order as other **Documents** marked **Confidential.** The court reporter and videographer, if any, for any such deposition, shall be provided a copy of this Order by the **Party** at whose instance the deposition is taken, shall acknowledge this Order on the record and shall not disclose to anyone other than those specified in paragraph 3 any deposition testimony or exhibit in this case.

7. **Confidential Documents** and information shall not be given, shown, made available, discussed or otherwise **Communicated** to anyone other than the attorneys of record for a **Party** without first informing them of the contents of this Order. In the case of **Persons** specified in 3(d) and 3(e) herein above, counsel shall obtain from such **Person** a signed acknowledgment, in the form attached hereto as EXHIBIT A.

Counsel making such disclosure shall retain the original acknowledgment (Exhibit A).

8. Any **Party** may challenge a designation of confidentiality at any time.

a. Unless a prompt challenge to a **Designating Party's** confidential designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or significant disruption or delay the litigation, a **Party** does not waive its right to challenge a confidential designation by electing not to mount a challenge promptly after the

original designation is disclosed.

b. The **Party** challenging the designation shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of this Order. The **Parties** shall attempt to resolve each challenge in good faith and must begin this process by conferring directly (in voice to voice dialog; other forms of communications are not sufficient) within fourteen (14) days of the date of service of notice. In conferring, the **Challenging Party** must explain the basis for its belief that the confidentiality designation was not proper and must give the **Designating Party** an opportunity to review the designated material, to reconsider the circumstance, and if no change in designation is offered, to explain the basis for the chosen designation. A **Challenging Party** may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes the **Designating Party** is unwilling to participate in the meet and confer process first or establishes the **Designating Party** is unwilling to participate in the meet and confer process in a timely manner.

c. If the **Parties** cannot resolve a challenge without Court intervention, the **Challenging Party** shall file and serve a motion to retain confidentiality within twenty-one (21) days of the initial notice of challenge or within fourteen (14) days of the **Parties'** agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the **Challenging Party** to make such a motion, including the required declaration within twenty-one (21) days (or fourteen (14) days, if applicable), shall automatically waive the challenge to the confidential designation. In addition, the **Challenging Party** may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge for the designation of a deposition transcript or any portions thereof Any motion brought pursuant to this provision must be

accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the **Designating Party**. Frivolous challenges, and those made for improper purpose (e.g., to harass or impose unnecessary expenses and burdens on the other **Parties**) may expose the **Challenging Party** to sanctions. Unless a **Designating Party** has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all **Parties** shall continue to afford the material in question, the level of protection to which it is entitled under the **Producing Party's** designation until the Court rules on the challenge.

9. All writings submitted to or filed with the Court in connection with any pre-trial proceedings which contain, set forth, summarize or otherwise disclose **Confidential Documents** or information shall be filed under seal and such **Documents** shall not be publicly available, except by further order of this Court. The **Parties** acknowledge Local Rule 141 governs the filing of **Documents** under seal.

10. At the trial of this cause, the **Parties** agree that the protection of the confidentiality of **Confidential Documents** shall continue to the maximum extent permitted by the Court, pursuant to such procedures as the Court may require.

11. If any **Party** or **Person** that has obtained **Confidential Documents** or information under the terms of this Order receives a subpoena or other legal process commanding the production of any such **Confidential Documents** or information ("the subpoena"), such **Party** or **Person** shall promptly notify the **Party** or **Person** that designated the **Documents** or information as **Confidential** of the service of the subpoena. The **Party** or **Person** receiving the subpoena shall not produce any **Confidential Document** or information in response to the subpoena without either the prior written consent of the **Producing Party,** or an order of a court of competent jurisdiction. However, the **Producing Party** in such case shall have the burden of seeking a court order relieving the subpoenaed **Party** or **Person** of the obligations of the subpoena prior to the return date of such subpoena, or the subpoenaed **Person** or **Party** shall be relieved of its obligations under this paragraph.

12. The inadvertent production in the course of discovery in this action of any **Document** or information (whether designated as **Confidential** or not) shall not be deemed to waive whatever attorney-client privilege, work product protection or other privilege or immunity that would otherwise attach to the **Document** or information produced or to other **Documents** or information, as long as the **Producing Party** or **Person,** promptly after discovery of the inadvertent production, notifies the other **Party** or **Parties** of the claim of privilege or other protection or immunity. When a **Producing Party** gives notice to **Receiving Parties** that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the **Receiving Parties** are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the **Parties** reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the **Parties** may incorporate their agreement in this Order submitted to the court.

13. The terms of this Order are applicable to information produced by a Non-Party in this action and designated as **Confidential**. Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

14. In the event that a **Party** is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, the **Party** is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the **Party** shall:

    a. Promptly notify in writing the **Requesting Party** and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

    b. Promptly provide the Non-Party with a copy of the Stipulated

Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

c. Make the information requested available for inspection by the Non-Party.

If the Non-Party fails to object or seek a protective order for this court within fourteen (14) days of receiving the notice and accompanying information, the **Receiving Party** may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely objects, the **Receiving Party** shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[1] Absent a court order to the contrary, the **Party** seeking the material shall bear the burden and expense of seeking protection from this court of its Protected Material.

15. If a **Receiving Party** learns that, by inadvertence or otherwise, it has disclosed Confidential Material to any person or in any circumstances not authorized under this Stipulated Protective Order, the **Receiving Party** must immediately (a) notify in writing the **Designating Party** of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all of the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit "A."

16. The protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a **Receiving Party** or becomes part of the public domain after its disclosure to a **Receiving Party** as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; (b) any information known to

---

[1] The purpose of this provision is to alert the interested **Parties** to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

the **Receiving Party** prior to the disclosure or obtained by the **Receiving Party** after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the **Designating Party;** and (c) a **Party's** use of its own **Confidential** documents and information.

17. Within ten (10) days after the **Conclusion of this litigation**, unless the Court orders otherwise, Counsel for any **Party** who receives **Confidential Documents** or information from the other **Party** shall notify in writing Counsel for the other **Party** of the total number of Exhibit "A"s Counsel caused to be executed pursuant to paragraphs 3(d) and 3(e).

18. Within twenty-one (21) days after the **Conclusion of this litigation,** unless the Court orders otherwise, Counsel for any **Party** who received **Confidential Documents** or information shall request from all **Persons** to whom **Confidential Documents** and information have been provided an affidavit in the form of Exhibit B hereto. The request shall include notification to the recipients that the litigation has concluded. **Copies** of such requests shall be sent to the other **Party.**

19. Within fourteen (14) days of receipt of notice of the **Conclusion of this litigation,** each Covered **Person** under paragraph 3d and 3e of this Order shall:

a. return to the counsel that disclosed **Confidential Documents** or information to them all **Confidential Documents** and all documentary materials reflecting **Confidential Information** which are in his/her possession, custody or control, and

b. serve upon the disclosing counsel an affidavit in the form of EXHIBIT B, attesting that he/she has returned all **Confidential Documents** and Information.

20. Unless the Court orders otherwise, within sixty (60) days after the **Conclusion of this litigation**, every counsel who has received the **Confidential Documents** or information of another **Party** shall:

a. return the original and all **Copies** of the **Confidential Documents** provided by the **Producing Party** which are in the possession, custody or control of such counsel; and

      b.    either deliver to counsel for the **Producing Party** all documentary materials reflecting information contained in or derived from **Confidential Documents** provided by the **Producing Party** which are in the possession, custody or control of such counsel; OR

      c.    destroy such documentary materials, and notify counsel for the **Producing Party** in writing that such action has been taken; and

      d.    file under seal, all original executed affidavits received; and

      e.    Inform counsel for the **Producing Party** in writing of the identity of any **Confidential Documents** or information contained in or derived from such **Documents,** known to such counsel, which have *not* been returned and/or destroyed in the manner required by this Order, and the identity of any **Person** who has failed to return each such **Confidential Document** and/or item of **Confidential Information.**

21.    Nothing in this Order shall limit or otherwise affect:

      a.    the rights of any **Party** to object to any further production or use at trial of **Confidential Documents** or the Information contained therein; or

      b.    the rights of any **Party** to seek a more restrictive treatment of highly **Confidential Information**.

22.    At the **Conclusion of this litigation,** the Court shall retain jurisdiction in the case for enforcement of this Order. At the **Conclusion of this litigation,** counsel for a **Producing Party** shall not be entitled to inspect and **Copy** those **Documents** previously filed under seal with the Court pursuant to this Order unless the Court determines the **Producing Party** has shown "Good Cause" to inspect and **Copy** said materials. An example of "Good Cause" may include the **Producing Party's** documentation of a violation of this Order by submitting an affidavit to the Court showing that not all of the **Documents** covered by this Order were returned or destroyed as provided by this Order. "Good Cause" may also include a **Producing Party's** documentation of a violation of this Order by submitting an affidavit to the Court showing that the **Documents** governed by this Order were being utilized in a manner not permitted by this Order. At least ten (10) days prior to any hearing

on the issue of whether a **Producing Party** has shown "Good Cause," the **Producing Party** shall notify in writing all counsel of record of the **Producing Party's** attempt to establish "Good Cause" with the Court so as to permit the **Producing Party** to inspect and **Copy** those materials previously filed under seal with the Court.

23. By their signature upon the stipulation for the entry of this Order and their signatures below, counsel for the **Parties** signify their understanding of this Order and their agreement to abide by its terms unless and until it is modified or superseded by further order of this Court. The attorneys of record are responsible for employing reasonable measures, consistent with this Order, to control duplication of, access to and distribution of **Copies** of **Confidential Information** and to collect or destroy all **Documents** at the **Conclusion of this litigation.**

24. Designation of a **Document,** as defined in Paragraph 2**,** as "**Confidential**" shall not waive the rights of any **Party** to argue, in Court hearings and/or trial for the above captioned matter, that the **Document** designated as **Confidential** is not legally **Confidential** and/or a trade secret.

Dated: October 24, 2011

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

By: /s/ D. Greg Durbin

D. Greg Durbin, SB#81749
Attorneys for Plaintiff
5 River Park Place East
Fresno, CA 93720-1501
559.433.1300

Dated: October 24, 2011

LEWIS BRISBOIS BISGAARD & SMITH, LLP

By: /s/ David S. Worthington
David S. Worthington, SB#73233
Attorneys for Defendant
2850 Gateway Oaks Drive, Suite 450
Sacramento, CA 95833
916.564.5400

**ORDER**

The Court has reviewed the stipulation of the parties. The stipulation is adopted except that paragraph number 14 is STRICKEN.

Dated : November 8, 2011

**/s/ Gary S. Austin**
The Honorable Gary S. Austin
United States Magistrate Judge

16

STIPULATION FOR PROTECTIVE ORDER; PROTECTIVE ORDER